IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

KEVIN IRRIZARY-MONTALVO,
Defendant.

CRIMINAL NO.   14-658 (PAD)

## PLEA AND FORFEITURE AGREEMENT
### (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District

of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, José A. Ruiz-Santiago,

Assistant United States Attorney and Chief, Criminal Division, José Capó-Iriarte, Assistant United

States Attorney and Chief, Violent Crimes Unit, and Max Pérez-Bouret, Assistant United States

Attorney, along with Defendant, **KEVIN IRRIZARY-MONTALVO**, and his counsel, **Coral

Rodriguez-Morales**, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to

this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and

conditions of which are as follows:

1.      **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One of the Indictment.

**Count One:**

On or about September 5, 2014, in the District of Puerto Rico and within the jurisdiction of

this Court, **KEVIN IRRIZARY-MONTALVO,** the defendant herein, willfully and knowingly

did steal and purloin a firearm, to wit, a Beretta pistol, Model M9, 9mm, bearing serial number

*Plea Agreement Re: United States v. Irrizary-Montalvo, 14-658 (PAD)*

131-6193, of the approximate value of $636 in US currency, of the goods and property of the United States, in violation of Title 18 <u>United States Code</u>, Section §641.

### 2.    MAXIMUM PENALTIES

The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not more than one (1) year, pursuant to 18 U.S.C. § 641; a fine not to exceed one hundred thousand dollars ($100,000.00), pursuant to 18 U.S.C. § 3571(b)(5); a supervised release term of not more than one (1) year, pursuant to 18 U.S.C. § 3583(b)(3); and a Special Monetary Assessment of twenty-five dollars ($25.00), pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii).

### 3.    SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4.    SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of twenty-five dollars ($25.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii).

### 5.    FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or

*Plea Agreement Re: United States v. Irrizary-Montalvo, 14-658 (PAD)*

supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

### 6.     RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements,</u> <u>Application,</u> and <u>Background Notes.</u> Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. <u>See</u> Fed. R. Crim. P. 11(c)(3)(B).

### 7.     APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of <u>United States v. Booker and United States v. Fanfan,</u> 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

*Plea Agreement Re: United States v. Irrizary-Montalvo, 14-658 (PAD)*

| SENTENCING GUIDELINE CALCULATION T. 18 USC § 641 | |
|---|---|
| Base Offense Level: U.S.S.G. § 2B1.1(a)(2) | 6 |
| Acceptance of Responsibility: U.S.S.G. § 3E1.1 | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **4** |
| **IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY I** | **(0-6) Months (Zone A)** |

**8.     NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

**9.     SENTENCE RECOMMENDATION**

The parties agree to recommend a sentence of probation for a term of one year.   The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

**10.     WAIVER OF APPEAL**

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

**11.     NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or

*Plea Agreement Re: United States v. Irrizary-Montalvo, 14-658 (PAD)*

departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12.   SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, **Coral Rodriguez-Morales**, and asserts that counsel has rendered effective legal assistance.

### 13.   RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

*Plea Agreement Re: United States v. Irrizary-Montalvo, 14-658 (PAD)*

    e.   At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14.    STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

## 15.    FIREARMS FORFEITURE

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): a Beretta pistol, Model M9, 9mm, bearing serial number 131-6193, involved in the commission of the offense.

Defendant acknowledges that he possessed the Property in violation of 18 U.S.C. §§ 641, as set forth in Count One of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

## 16.    LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

*Plea Agreement Re: United States v. Irrizary-Montalvo, 14-658 (PAD)*

### 17.   ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and deny the existence of any other term and conditions not stated herein.

### 18.   AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19.   VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

### 20.   DISMISSAL OF ALL REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea Agreement, the Government will move to dismiss all remaining Counts charged in the Indictment.

*Plea Agreement Re: United States v. Irrizary-Montalvo, 14-658 (PAD)*

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

**José Ruiz-Santiago**
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 2/17/15

**José Capó-Iriarte**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 2·17·15

**Max Pérez-Bouret**
Assistant U.S. Attorney
Dated: 2-17-15

**Coral Rodríguez-Morales**
Counsel for Defendant
Dated: 3/3/2015

**KEVIN IRRIZARY-MONTALVO**
Defendant
Dated: 3/3/2015

*Plea Agreement Re: United States v. Irrizary-Montalvo, 14-658 (PAD)*

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 3/3/2015                          x _____
                                           **KEVIN IRRIZARY-MONTALVO**
                                           Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case.   I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 3/3/2015                          _____
                                           **Coral Rodriguez-Morales**
                                           Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and Defendant, **KEVIN IRRIZARY-MONTALVO**, agrees that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of 18 U.S.C. §§ 641. The following is a synopsis of the facts in this case:

On or about September 5, 2014, in San Juan, Puerto Rico, Defendant, **KEVIN IRRIZARY-MONTALVO**, willfully and knowingly did steal and purloin a firearm, to wit, a Beretta pistol, Model M9, 9mm, bearing serial number 131-6193, of the approximate value of $636 in US currency (hereinafter "firearm"), from the armory at Fort Buchanan.   When confronted with the incident, **KEVIN IRRIZARY-MONTALVO,** admitted as to his participation in the offense and provided access to the investigating officers to his house where he was keeping the firearm.   **KEVIN IRRIZARY-MONTALVO** acknowledges that the firearm belongs to the United States.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, testimony of FBI Agents, photographs, video recordings, documents, and other physical evidence.

Discovery was timely made available to Defendant for review.

_____
**Max Pérez-Bouret**
Assistant United States Attorney
Dated: 2-17-15

_____
**Coral Rodriguez-Morales**
Counsel for Defendant
Dated: 3-3-2015

_____
**KEVIN IRRIZARY-MONTALVO**
Defendant
Dated: 3-3-2015